**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD LEE KISER, JR., | ) | CASE NO. 1:19 CV 323 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Richard Lee Kiser, Jr. filed this action against the State of Ohio, the Ohio Department of Rehabilitation and Corrections ("ODRC") Director Annette Chambers-Smith, the Lorain Correctional Institution ("LORCI") Warden Kimberly Clipper, LORCI Unit Manager Donella Maestre, LORCI Institutional Inspector Tina Costello, LORCI Sergeant Dority, and LORCI Correctional Officer Ms. Sams. In the Complaint, Plaintiff contends Sams retaliated against him for filing grievances against her. He seeks an Order from this Court removing Sams from his housing unit, and awarding him damages in the amount of $ 2,400,000.00.

Plaintiff filed a Motion to Amend his Complaint (Doc. No. 3). He attaches his proposed Amended Complaint (Doc. No. 4) which is not a true amendment but rather a supplement to the original pleading. The Motion is granted. The Court will liberally construe the pleading as a supplement and not a superceding Complaint.

## I.     Background

Plaintiff alleges that he is a prisoner held in protective custody because he was a witness for the state in an attempted murder case in Erie County, Ohio. The ODRC protective custody unit was located in the Oakwood Correctional Institution in Lima , Ohio until October 30, 2018 when it was moved to LORCI. Plaintiff alleges LORCI is primarily a reception center for new inmates entering the prison system, temporarily providing them with housing until they can be transferred to their parent institution. He contends the staff at LORCI were not properly trained to deal with long term inmates or those in protective custody.

Plaintiff alleges Ms. Sams is the first shift officer assigned to the protective custody unit. He indicates that inmates in protective custody do not go to the dining room for meals. Instead, their meals are delivered to the unit. He alleges that on December 6, 2018, the meal was delivered to the unit, but was left outside for 20 minutes before Sams brought it in. He alleges it was delayed for another ten to fifteen minutes while Sams checked doors to make sure they were secure. Plaintiff filed grievances pertaining to the incident. He indicates his unit manager Maestre stated there had been a miscommunication. The Institutional Inspector reviewed the surveillance tape and stated that the porter who brought the meals to the unit did not ring the bell, and instead left them outside of the door. The inspector claimed the unit staff discovered them five minutes later, not twenty as stated by Plaintiff, and brought them in. The Inspector acknowledged that Sams did check doors prior to passing out meals but states the camera footage indicated only three minutes passed from the time the meals were brought in until the first tray was handed out.

Plaintiff claims that after he filed his grievances, Sams filed a conduct report against him claiming he was refusing to perform his job duties. He contends she pointed to a rug in the sally port area and instructed him to clean it. He indicates that this was never part of his duties and she waited until he was done with his job before assigning him this responsibility. He states he plead not guilty to the infraction and requested the camera footage from the area. He alleges Sergeant Dority heard the conduct report and denied his request for camera footage. He does not provide the result of the disciplinary hearing.

Plaintiff then filed a grievance against Sams for mixing chemicals. The Institutional Inspector reviewed the camera footage and upheld the grievance, reminding Sams of the policy regarding mixing chemicals. Plaintiff claims Sams continued to mix chemicals in violation of the policy.

Plaintiff claims Sams retaliated against him by filing a conduct report against him for possessing contraband. He states the hearing officer found him not guilty and dismissed the charges. He responded with an other grievance against Sams for retaliation. The Institutional Inspector denied this grievance for insufficient evidence. Plaintiff filed another grievance against Sams for getting angry at another officer and throwing papers and a table in the day room. The Unit Manager stated that the camera footage did not support that this was an intentional action but that Sams would be informed how it appeared. Plaintiff filed several grievances against Sams for failing to wear a hairnet when handling food. Those grievances were granted and Sams was reminded of the hairnet policy.

On January 29, 2019, Sams searched inmate Lister's cell and confiscated some items.

Plaintiff claims Sams told Lister she would be conducting random cell searches in the unit because Plaintiff kept filing grievances against her. He states he and Lister almost got into a physical altercation over the incident. Plaintiff contends Sams was attempting to create a hostile environment for him in the protective custody unit. He indicates Maestra responded to his grievance by saying he could not grieve Lister's cell search.

On February 4, 2019, Plaintiff placed an item in his cell door that jammed it shut while he used the restroom. Sams discovered the item in the lock and managed to dislodge it pushing open the door. Plaintiff received a conduct report for tampering with locks. He does not indicate the result of this charge. Plaintiff filed a grievance against Sams for harassing him while using the restroom. He contends his grievance was granted.

Plaintiff does not directly indicate the legal claims he intends to assert in this action. He states several times, however, that Sams harassed him and retaliated against him. The Court liberally construes his Complaint as asserting claims under the First and Eighth Amendments.

**II.      Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are

clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, Plaintiff does not include any allegations against the State of Ohio, the ODRC Director or the LORCI Warden. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff attempts to tie these Defendants into the Complaint by stating that the staff and administration at LORCI were not trained on the daily operations of general population prisons

or the housing of protective custody inmates. The allegations in Plaintiff's Complaint, however, have nothing to do with the potential differences between housing inmates in protective custody and those assigned temporarily to the prison before transfer to a more permanent location. They concern an ongoing dispute that he is having with one particular corrections officer assigned to his unit. The Complaint simply contains no facts which reasonably associate these Defendants to any of the claims set forth by Plaintiff.

Furthermore, even if he had identified a cause of action against these Defendants, Plaintiff could not proceed with a suit for damages against them. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies and state officers sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Plaintiff also fails to state a claim for harassment or retaliation against the Institutional Inspector or his Unit Manager. He does not allege that these individuals engaged in harassment or retaliation. Instead, his claims against them are based on some of their responses to his grievances. He acknowledges that they ruled favorably on some of his grievances and attempted to redress his concerns. Even when they decided grievances unfavorably to Plaintiff, he does not allege they violated his constitutional rights. Instead, he describes their decisions as not doing their job or performing it incompetently. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Plaintiff appears to have named Sergeant Dority as a Defendant because he is the

disciplinary hearing officer. He does not suggest that Dority retaliated against him or harassed him personally. He feels Dority should not have found him guilty of some of the conduct charges. Dority dismissed other charges against him and he does not appear to dispute those decisions. He also describes Dority's decisions to find him guilty as not doing his job or performing it incompetently. He fails to allege facts suggesting Dority violated his constitutional rights.

Finally, while Plaintiff alleged sufficient facts to state a plausible claims for retaliation that meet the basic pleading requirements of Federal Civil Procedure Rule 8 against Sams, the same cannot be said for his harassment claim. The Court construes this claim as arising, if at all, under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris*

*v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,*175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The conduct Plaintiff describes is not objectively serious to be characterized as an extreme or substantial threat to his health or safety. Rather, it falls within the parameters of behaviors that are uncomfortable, aggravating or annoying. Verbal harassment and offensive

comments do not state an Eighth Amendment claim. *See Ivey*, 832 F.2d 950, 955 (6th Cir.1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987). Plaintiff fails to state a claim against Sams under the Eighth Amendment.

### IV. Conclusion

Accordingly, Plaintiff's claims against the State of Ohio, ODRC Director Chambers-Smith, Warden Kimberly Clipper, Unit Manager Donella Maestre, Institutional Inspector Tina Costello and Sergent Dority are dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff Eighth Amendment claims against Ms. Sams are also dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action will proceed solely on Plaintiff's retaliation claim against Sams. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants.

IT IS SO ORDERED.

      s/ John R. Adams    8/30/2019
      JOHN R. ADAMS
      UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.