**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Richard Lee Kiser, Jr.,** | : | |
| | : | **Civil Action No. 1:19-CV-323** |
| Plaintiff, | : | |
| | : | **Judge John R. Adams** |
| v. | : | |
| | : | **Magistrate Judge Henderson** |
| **State of Ohio, et al.,** | : | |
| | : | <u>**ORDER**</u> |
| Defendants. | : | |

This matter is before the Court on the motion of Defendant Corrections Officer Sams and named defendant Sean Costello (together hereinafter "Defendants") for summary judgment under Rule 56 of the Federal Rule of Civil Procedure (Doc. 63). Defendants move the Court to grant them summary judgment, thereby dismissing both Plaintiff Richard Lee Kiser's ("Plaintiff") claims for retaliation and his claims for injunctive relief as a matter of law. The motion is ripe for review. Having thoroughly reviewed the motion and taking into consideration applicable law, the Court hereby ORDERS that the motion for summary judgment is GRANTED in its entirety, and dismisses all of Plaintiff's claims. The reasons for the Court's ruling are fully set forth herein below.

**I. B<u>ACKGROUND</u>**

Seeking 2.4 million dollars for the stress and mental anguish he claims he has suffered, Plaintiff, a prisoner previously held in protective custody at the Lorain Correctional Institution ("LorCI"), initiated this lawsuit on February 12, 2019 complaining that Defendants retaliated against him for filing grievances for such things as "mean mugging" him in the face (Kiser December 22, 2018 Appeal attached to Declaration of Roger Wilson, Exhibit A); serving him a cold breakfast (Plaintiff's Exhibit A, Doc. 1-4); requiring him to sweep a sally port rug as part of his unit

porter duties (Plaintiff's Exhibit D, Doc. 1-7); taking the wheels off the unit mop buckets when inmates complained they were scratching up the unit floors (Kiser December 18, 2018 Appeal attached to Declaration of Roger Wilson, Exhibit A, Page 24); and referring him to Mental Health Services (Kiser March 11, 2019 Grievance attached to Declaration of Roger Wilson, Exhibit A, Page 56). Not only were none of these aforementioned grievances granted, but also Plaintiff was repeatedly cautioned he was running the risk of being put on a grievance restriction due to his continual abuse of the grievance system (Kiser December 12, 2018, Page 17 and February 4, 2019 Appeals, Pages 49-50, and March 11, 2019 Grievance Against the Inspector, Page 56, attached to Declaration of Roger Wilson, Exhibit A).

Indeed, between December 16, 2018 and July 8, 2020, Plaintiff filed some seventy-six (76) grievances against various ODRC employees, twenty-four (24) of which were specifically directed against Defendant Sams, and one of which was specifically directed against named defendant Costello. Yet, almost every one of these grievances was denied because it was unfounded (Kiser Grievance History attached to Declaration of Roger Wilson, Exhibit A, Pages 4-14; see also Plaintiff's Exhibit K, Doc. 1-13). While Plaintiff may have succeeded in a few of his grievances (e.g. Defendant Sam's failure to wear a hair net while passing out inmate food trays (Plaintiff's Exhibit H Doc. 1-10; I, Doc. 1-11; and M, Doc. 1-15), the bulk of Plaintiff's grievances were denied because they were meritless (Kiser Grievance History attached to Declaration of Roger Wilson, Exhibit A, Pages 4-14).

## II. LEGAL STANDARD

### A. Standard of Review: Fed. R. Civ. P. 56(c).

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

> any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * *.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir.1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–1480 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III.    DISCUSSION

Plaintiff's Complaint seeks damages for First Amendment retaliation and also seeks injunctive relief. Defendants in their motion for summary judgment ask the Court to dismiss the Complaint on several grounds, including: (1) Plaintiff's failure to exhaust administrative remedies; (2) Plaintiff's failure to produce evidence giving rise to an issue of material fact on his First Amendment retaliation claim, because no evidence shows that he was engaged in protected activity or that he was prevented from filing grievances, and Defendants would have taken the same actions in the absence of protected activity; and (3) Defendants are entitled to qualified immunity.

Plaintiff's opposition to summary judgment fails to raise any issues of fact or respond to any of Defendants' legal arguments. Instead, Plaintiff in his opposition merely claims that this matter is stayed until Plaintiff deems that the stay is lifted. Plaintiff is entirely incorrect. While the Magistrate Judge formerly assigned to this matter granted a stay upon Plaintiff's motion, that stay expired by the Court's order on June 1, 2020 (non-document Order dated 5/22/2020). Accordingly, Defendants were entitled to file their motion for summary judgment as they did on July 31, 2020, and Plaintiff was required to respond within the time period established by Rule. That time has long expired. Because Plaintiff failed to address any of Defendants legal arguments, Defendants' factual and legal grounds for summary judgment are unopposed.

Where Plaintiff has failed to point to any facts on the record to oppose summary judgment, this Court is not obligated to scour the record to uncover issues of material fact for a jury to decide. *Street,* 886 F.2d 1472, 1479–1480 (citing *Frito–Lay,* 863 F.2d 1029). Moreover, the Court has thoroughly reviewed Defendants' arguments in favor of summary judgment, and finds them well-supported by the law and the record evidence. Accordingly, Defendants have established that no issue of material fact exists such that summary judgment in this matter is proper. Plaintiff's causes of action for First Amendment retaliation and injunctive relief are therefore dismissed, with prejudice.

IV.     **CONLCUSION**

For the reasons stated herein above, and set forth by Defendants in their motion for summary judgment, the Court hereby ORDERS that Defendants' motion for summary judgment is GRANTED under Federal Rule of Civil Procedure 56. Plaintiff's complaint for damages on First Amendment retaliation grounds, and for injunctive relief, is dismissed with prejudice..

**IT IS SO ORDERED.**

**Dated: 3/25/2021**             s/John R. Adams_____
                                 **JOHN R. ADAMS**
                                 **UNITED STATES DISTRICT JUDGE**